IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

MARCO ANTONIO MURILLO,
BOP No. 56966-177,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

2:20-CV-140-Z-BR
(CR NO. 2:18-CR-034-Z-BR (1))

### MEMORANDUM OPINION AND ORDER DENYING
### MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Before the Court is Marco Antonio Murillo's ("Petitioner") Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, submitted to the prison mail system for filing on June 15, 2020 (ECF No. 4) ("Motion"). Additionally, on August 26, 2022, well after the one-year filing deadline, Petitioner requested permission to supplement his original Motion to add claims to his original Motion (ECF No. 16) ("Proposed Amendment"). The Respondent filed a Response to the Motion. *See* ECF No. 7. For the reasons set forth below, the Motion and Proposed Amendment are **DENIED**.

### BACKGROUND

Petitioner moves to set aside his sentence under 28 U.S.C. § 2255. On March 29, 2018, Petitioner was indicted for possession with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii). *See* CR ECF No. 13.[1] Pursuant to a Plea Agreement, the Petitioner was charged by superseding information with distribution and possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C). *See*

---

[1] Record citations to Petitioner's criminal case, *United States v. Murillo*, 2:18-CR-034-Z-BR-1 shall be to "CR ECF No." throughout this Opinion.

CR ECF No. 26. On May 31, 2018, Petitioner pled guilty to the single count of the superseding information, and waived the right to appeal his sentence and conviction. CR ECF No. 22 at 1–2. On September 11, 2018, the district court sentenced Petitioner to 188 months in prison and a three-year term of supervised release. CR ECF No. 36. Despite the waiver of appeal contained in the Plea Agreement, Petitioner filed a direct appeal of his conviction and sentence. CR ECF No. 38. The Court of Appeals for the Fifth Circuit affirmed the decision of the district court. CR ECF Nos. 48–49.

Petitioner's Motion alleges ineffective assistance of counsel ("IAC") claims, stating that trial counsel fraudulently advised the Petitioner he would receive a life sentence if he refused the plea deal and thereby induced Petitioner to pled guilty against his will. ECF No. 4 at 6. Petitioner's Proposed Amendment seeks to bring additional IAC claims including: (1) failure to negotiate a *better* plea offer; and (2) failure to file a motion to suppress. ECF No. 16 at 7, 9. Petitioner argues these claims relate back to his original IAC claim regarding his involuntary plea based on counsel's representations of the likelihood of a life sentence if conviction of the original charge. *See id.* at 3–23.

### LEGAL STANDARD

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires a petitioner to file all of his claims for habeas relief within one year after his conviction becomes final. 28 U.S.C. § 2255(f)(1). If a petitioner does not seek leave to amend his claims during this time period, then all his claims — including the proposed amendments — must relate back to his original timely filed claims to be considered. *See* FED. R. CIV. P. 15(c)(1); *see also United States v. Saenz*, 282 F.3d 354, 356 (5th Cir. 2002). "An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading . . . ." FED. R. CIV. P. 15(c)(1)(B).

"Section 2255 provides relief for a petitioner who can establish that either (1) his sentence was

2

imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack." *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (internal marks omitted). "[A] defendant is limited to alleging errors of a constitutional or jurisdictional magnitude." *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (internal marks omitted). When alleging issues of jurisdictional or constitutional magnitude for the first time in a § 2255, a Petitioner must show cause for his procedural default in not raising the issue on direct appeal and actual prejudice suffered as a result of the error. *Samuels*, 59 F.3d at 528; *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996).

ANALYSIS

First, the Court finds that Petitioner's Proposed Amendment — ECF No. 16 — is untimely, and the claims contained therein (additional IAC claims) are therefore **DENIED** as barred by limitations under AEDPA. Petitioner made one ineffective assistance of counsel claim in his original Petition, and that claim relates only to the representations made by counsel concerning the possibility of a life sentence in the event of a refusal to accept the plea offer. The new IAC claims do *not* relate back to this factual allegation or claim and are therefore untimely. *See Saenz*, 282 F.3d at 356. Even if Petitioner's claims did relate back to his original IAC claims, they are meritless and procedurally defaulted for the reasons set forth in the Respondent's briefing. *See* ECF 7 at 12–15.

Petitioner argues that trial counsel was ineffective for giving bad advice about the consequences of refusing a plea offer. ECF 4 at 6. Counsel is ineffective if he or she "fails to properly inform a defendant of his potential sentencing exposure." *United States v. Rivas-Lopez*, 678 F.3d 353, 357 (5th Cir. 2012). Under the original criminal indictment, Petitioner's potential maximum life sentence *was* life imprisonment. *See* CR ECF No. 13; *see also* 21 U.S.C. § 841(b)(1)(A)(viii). Thus, it was *not* ineffective to advise Petitioner of the possibility of receiving a life sentence if he proceeded

to trial on the original indictment. Further, Petitioner's claims that counsel "coerced" him into pleading guilty by overestimating his sentencing exposure and the likelihood of conviction are contradicted by the record of his change of plea hearing.

Petitioner's sworn testimony under oath is entitled to a strong presumption of verity in collateral proceedings. *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977). Here, Petitioner swore under oath that no one had threatened or coerced him or "attempted in any way" to force him to plead guilty. CR ECF No. 42 at 14. Thus, even if counsel was more emphatic about the possibility of receiving a life sentence than was warranted, Petitioner cannot show counsel was ineffective.

To the extent that Petitioner is arguing that his plea was involuntary based on his attorney's false representations, his claim is procedurally barred, as he did not raise this issue on direct appeal. *Bousley v. United States*, 523 U.S. 614, 621 (1998) ("[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review."). Thus, Petitioner's Motion is **DENIED**.

### CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1) (B). Although the Petitioner has not yet filed a notice of appeal, this Court presumptively addresses whether he would be entitled to a certificate of appealability ("COA"). *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of

the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court has fully explained what is required for a "substantial showing of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Reasonable jurists could not debate the denial of the Petitioner's Section 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, the Court finds that the Petitioner is not entitled to a certificate of appealability as to his claims.

**CONCLUSION**

For the reasons set forth above, the Motion filed by Petitioner is **DENIED.**

**SO ORDERED.**

June **26**, 2023

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE